DATE FILED: September 22, 2020 2:33 PM
FILING ID: ACB1898080AA5
CASE NUMBER: 2020CV31717

| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 S. Tejon Street<br>Colorado Springs, CO 80903-2224<br>719-452-5000 | |
|---|---|
| **Plaintiff:**     JACOB WHEATLEY,<br><br>v.<br><br>**Defendant:**     USAA CASUALTY INSURANCE COMPANY, A TEXAS CORPORATION. | Δ COURT USE ONLY Δ |
| J.C. Martin III<br>Attorney for Plaintiff<br>1730 N. Corona Street<br>Colorado Springs, CO 80907<br>Phone No.: 719-578-5455<br>Fax No.:    719-578-0100<br>Email: pit@pit-law.com<br>Atty Reg. #: 14659 | Case Number:<br><br>Division: |

## COMPLAINT

COMES NOW the Plaintiff, JACOB WHEATLEY, by and through his attorney, J.C. Martin III, and for his Complaint against Defendant USAA CASUALTY INSURANCE COMPANY states as follows:

### I. STATEMENT OF FACTS

1. At all times pertinent hereto, Plaintiff Jacob Wheatley lived in Colorado Springs, Colorado, with automobile liability coverage through USAA Casualty Insurance Company, Policy Number 01437 26 14C 7101 9.

2. At all times pertinent hereto, Defendant USAA Casualty Insurance Company, (hereinafter referred to as "USAA") was a Foreign Corporation licensed to sell and provide insurance in the State of Colorado.

3. Venue is proper pursuant to C.R.C.P. Rule 98(c)(1) in El Paso County, Colorado because the Plaintiff resides in El Paso County, Colorado, and the insurance policy in question was executed in El Paso County, Colorado. Furthermore, the Defendant is not a resident of the State of Colorado, but is a foreign corporation doing business in the State of Colorado.

4. Plaintiff Jacob Wheatley is an insured of Defendant USAA Insurance. Plaintiff brings this direct action against his insurer, Defendant USAA, under a policy or contract of

liability insurance, in a first party action regarding nonpayment on his claim for underinsured motorist coverage benefits. Plaintiff alleges claims for breach of contract, a statutory claim for unreasonable delay or denial of payment of benefits, and common law bad faith.

5. Defendant USAA transacts the business of selling insurance in El Paso County, Colorado (and throughout the State of Colorado). It therefore is a Colorado citizen pursuant to 28 U.S.C. §1339(c)(1), which provides: "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of (A) every State and foreign state of which the insured is a citizen;…"

6. Defendant is not a minor, incompetent person, nor in the U.S. Military. The Defendant is a foreign corporation.

7. On or about June 28, 2018, Plaintiff was severely injured in a high impact roll-over collision caused by Christa Pryor on Barnes Road in Colorado Springs, Colorado. The collision was reported to the Colorado Springs Police Department. Christa Pryor was cited for "Vehicles Turning Left". Plaintiff Jacob Wheatley received no traffic citations relative to said automobile collision.

8. Plaintiff timely reported this automobile collision to Defendant USAA and has complied with all USAA requirements for coverage. Plaintiff has cooperated with all policy conditions as requested by USAA.

9. Christa Pryor, was underinsured at the time of this collision. Ms. Pryor had a state minimum policy of insurance also with USAA Insurance of Twenty-Five Thousand Dollars ($25,000). USAA expressly provided consent to settle the claim pf Plaintiff against Christa Pryor for her policy limits of Twenty-Five Thousand Dollars ($25,000).

10. Plaintiff filed a request for payment of underinsured motorist benefits with Defendant USAA. Jacob Wheatley submitted the necessary paperwork for said claim, requesting payment of policy limits of One Hundred Thousand Dollars ($100,000) under his UIM coverage with USAA.

11. On April 17, 2019, Plaintiff provided to Defendant USAA a list of medical providers and signed medical authorizations as required by his contract of insurance so Defendant could gather appropriate medical records and documents to investigate and evaluate the UIM claim of Plaintiff..

12. On October 24, 2019, Plaintiff provided to Defendant USAA a copy of the settlement demand sent to liability carrier USAA including the collision report, photographs

Exhibit A

taken at the scene of the collision, all medical records, all medical bills, and witness letters establishing the severity of the Plaintiff's injuries, damages, and losses.

13. On November 27, 2019, Plaintiff provided permission to USAA Insurance to access his liability claim against Christa Pryor, including access to all medical documentation, bills, and claims records.

14. Plaintiff has continued to provide Defendant USAA with medical records, medical bills, and related documentation establishing Plaintiff's continuing traumatic brain injury, cognitive difficulties, and permanent physical injuries. Said documentation was provided to Defendant on January 28, 2020, February 10, 2020, June 2, 2020, and July 13, 2020.

15. On March 10, 2020, Defendant made an offer of payment of Forty-Two Thousand Dollars ($42,000) which USAA described as representing the "Fair Value of the Claim". Plaintiff rejected that offer and requested Defendant pay the Forty-Two Thousand Dollars ($42,000) which USAA described as the "Fair Value of the Claim."

16. On June 24, 2020, Plaintiff offered Defendant USAA the opportunity to meet Plaintiff in person to discuss his injuries, damages, and losses.

17. On June 29, 2020, Plaintiff offered Defendant USAA the opportunity to meet with Plaintiff's treating physicians and neuropsychologist pursuant to Samms v. District Court, 908 P.2d 520, 526 (Colo. 1995). This Colorado Supreme Court case provides for informal communications with the treating physicians to promote the discovery process as an informal, efficient, and cost effective method for USAA to investigate and evaluate the, injuries, medical treatment, neuropsychological evaluation and treatment, diagnosis, prognosis, and recommended future medical and cognitive care and costs of Jacob Wheatley.

18. USAA sent a letter dated July 16, 2020 offering Forty-Eight Thousand dollars ($48,000) as settlement of the UIM claim of its insured, Jacob Wheatley. That USAA letter contains: "We believe this offer represents the fair value of the claims."

19. That July 16, 2020 USAA letter acknowledges that USAA received a request from its insured for USAA's itemization of the valuation of his injuries and damages, but no such itemized valuation was provided.

Instead, USSA describes and acknowledges some of the injuries that its insured, Jacob Wheatley, suffered, without a specific settlement valuation for those injuries. USAA acknowledged considering the following: "USAA considered the urgent care visit on 06/29/18– reported neck strain, bruising on left upper leg and left knee, neck spasm complaints…Dr. Hall on 09/26/18, concussion diagnosis, C5-C6 disc herniation with potential radiculopathy to right side an [sic] upper extremity numbness reported…chronic lumbar sprain/strain reports along with report of anxiety while driving and post concussive symptoms…counseling visits- 3 sessions-reported irritability, depression, bothered by loud noises…physical therapy (25 visits)…neck and lumbar pain complaints. MRI noted– exam date 09/10/18- findings C6-7 mild foraminal stenosis w/o

impingement, C5-6 mild impingement on the right C6 nerve root and indentation of right cord. C3-4 disc bulge…Quality Mindset analysis on 12/19/19 and the results were considered in the evaluation."

20. On August 11, 2020, USAA adjuster Karl Tenbrink met with Plaintiff via Zoom to discuss his injuries, limitations, damages and losses.

21. On August 12, 2020, USAA transferred this claim to a new adjuster, Glen Reece.

22. USAA has not paid UIM benefits to its insured, Jacob Wheatley, nor has Defendant tendered what it describes as the "fair value of the claims" amounts.

23. USAA has made no payment of benefits on this UIM claim of Jacob Wheatley despite receiving proof of permanent and serious debilitating injuries, to include injuries to his brain affecting his cognition, memory and personality, and injuries to his neck (C5-C6 disc herniation with radiculopathy), back, driving anxiety, left leg/knee, headaches, muscle spasms, cognitive problems, and a traumatic brain injury substantiated by neuropsychological testing and report, and substantiated by diagnostic testing (3T MRI of the brain) substantiating brain damage. Plaintiff has ongoing medical billings in excess of Twenty-Seven Thousand One Hundred Sixty-Eight dollars ($27,168.00). He has permanent brain damage with memory deficits and personality changes.

24. USAA has not utilized a doctor to review the medical records and diagnostic imaging of Jacob Wheatley to assist in its evaluation of this request for payment of UIM benefits.

25. USAA has not requested a medical exam nor a neuropsychological exam of Jacob Wheatley to assist it in a proper investigation and evaluation of this request for payment of UIM benefits, despite provisions in the insurance policy contract providing for those examinations.

26. Defendant USAA has unreasonably delayed payment of UIM benefits to Jacob Wheatley. This constitutes an unreasonable denial or delay in the payment of a first party covered benefit, subjecting Defendant USAA to the provisions of C.R.S. § 10-3-1115 and § 10-3-1116 for unreasonable denial or delay of payment of insurance benefits.

27. Defendant USAA failed to conduct a reasonable investigation, and has knowingly or recklessly unreasonably denied this request for payment of UIM benefits by Jacob Wheatley without any reasonable medical basis. Defendant USAA has violated Colorado Insurance Industry Standards by using an arbitrary and capricious analysis of this claim for delay, denial or underpayment of UIM benefits to Jacob Wheatley. USAA has arbitrarily used adjuster opinions as a substitute for the medical opinions of the treating doctors and other treatment providers who have actually met with and treated Jacob Wheatley. USAA has unreasonably delayed and denied the request of Jacob Wheatley for payment of his UIM benefits in the amount of policy limits of One Hundred Thousand Dollars ($100,000).

28. As a result of this June 28, 2018 roll-over motor vehicle collision, Jacob Wheatley has suffered serious and permanent debilitating injuries to include a traumatic brain injury, with loss of cognitive functioning and personality change, physical injuries causing him constant chronic pain, and limiting his activities of daily life.

## II. FIRST CAUSE OF ACTION
### RECOVERY OF UNDERINSURED MOTORIST BENEFITS UNDER THE INSURANCE CONTRACT

29. Plaintiff restates and realleges paragraphs 1 through 28 above as if set forth herein in full.

30. Plaintiff Jacob Wheatley was the driver of a vehicle insured by Defendant USAA, including uninsured and underinsured motorist coverage.

31. Plaintiff Jacob Wheatley was severely and permanently injured in a high impact roll-over motor vehicle crash on June 28, 2018.

32. Plaintiff Jacob Wheatley requested payment under the UIM portion of his USAA automobile liability policy, requesting benefits to compensate him for his injuries.

33. Plaintiff Jacob Wheatley has performed all conditions requested by USAA under his contract for automobile liability insurance. He paid premiums for said policy of insurance. Jacob Wheatley properly applied for UIM benefits with his insurer, Defendant USAA.

34. Defendant USAA breached this contract of insurance by delaying and/or denying payment of UIM benefits to Jacob Wheatley on his UIM claim after Plaintiff Jacob Wheatley made proper claim for said benefits.

35. Defendant USAA has unreasonably delayed and/or denied paying these UIM benefits that were contracted for under its policy of automobile insurance with Plaintiff Jacob Wheatley.

WHEREFORE, Plaintiff Jacob Wheatley requests that judgment enter on his behalf for his contract damages of $100,000 caused by this breach of contract by Defendant USAA, for reasonable attorney fees and costs, for expert witness fees and costs, for pre- and post-judgment interest, and for such other relief as the Court and/or jury deems just and proper.

## III. SECOND CAUSE OF ACTION
### STATUTORY CLAIM: C.R.S. § 10-3-1115 & 1116
### STATUTORY REMEDY FOR UNREASONABLE DELAY OR DENIAL OF BENEFITS

36. Plaintiff restates and realleges paragraphs 1 through 35 above as if set forth herein in full.

Exhibit A

37. C.R.S. § 10-3-1115 and § 10-3-1116 provide for the recovery by the Plaintiff for reasonable attorney fees and court costs, and two times the covered benefit for unreasonable delay or denial of payment of insurance benefits.

38. Plaintiff is a member of the class that these statutes are designed to protect. Defendant USAA is part of the class that these statutes are designed to regulate.

39. Plaintiff Jacob Wheatley has suffered financial and emotional injuries as a result of the unreasonable delay or denial of payment of his UIM benefits by Defendant USAA. Plaintiff Jacob Wheatley has permanent injuries from this collision, with resulting pain, limitations, discomfort, mental anguish, medical bills in excess of $27,168.00. He will incur future medical expenses. He will have future pain and suffering, and future loss of enjoyment of life.

40. Defendant USAA has unreasonably delayed or denied to its insured, Jacob Wheatley, Underinsured Motorist Coverage benefits of $100,000 despite sufficient medical proof to support his request for said payment.

WHEREFORE Plaintiff requests that judgment enter pursuant to C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116 for twice the amount of the unreasonably delayed or denied payment of benefits, for reasonable attorney fees and costs, for expert witness fees and costs pursuant to said statutes, and for pre and post-judgment interest as provided by Colorado law.

### IV. THIRD CAUSE OF ACTION
### COMMON LAW BAD FAITH

41. Plaintiff restates and realleges paragraphs 1 through 40 above as if set forth herein in full.

42. Plaintiff Jacob Wheatley suffered emotional and physical injuries, and economic damages because Defendant USAA acted knowingly and unreasonably, or with reckless disregard, in delaying or denying payment of the underinsured motorist claim of its insured, Jacob Wheatly.

43. Defendant USAA Insurance knew that its conduct was unreasonable, or recklessly disregarded the fact that its conduct or delay, denial, or attempt at underpayment was unreasonable, in its investigation and evaluation of this underinsured motorist claim of its insured, Jacob Wheatley.

45. The unreasonable conduct or delay or denial in the handling by Defendant USAA of this underinsured motorist claim of its insured, Jacob Wheatley, was a cause of the injuries and damages of Jacob Wheatley.

**Exhibit A**

Wherefore, Plaintiff Jacob Wheatley requests that judgment enter on his behalf for the injuries, damages and losses caused by Defendant USAA Insurance in the knowingly unreasonable, or the reckless disregard, in its handling of his underinsured motorist claim, for reasonable attorney's fees and costs as provided for by statute or contract, for expert witness fees and costs, for pre- and post- judgement interest as provided by law, and for such other relief as the court and/or jury deems just and proper.

Respectfully submitted this 22nd day of September 2020.

J.C. Martin III, #14659
Attorney for Plaintiff

**Plaintiff**

5326 Standard Drive
Colorado Springs, CO 80922

**Exhibit A**